UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NICHOLAS M. PASQUALONE,

    Plaintiff,

                                      Case No. 2:06-cv-172
v.                                      HON. ROBERT HOLMES BELL

PAUL THOMASINI, et al.,

    Defendant(s).
_____/

## REPORT AND RECOMMENDATION

Plaintiff Nicholas Mario Pasqualone, an inmate at the Ojibway Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Paul Thomansini, Phyllis Lake, and Dave Maleitzke. Plaintiff also names three unknown parties as John/Jane Does. Plaintiff alleges that he was denied access to the courts. Plaintiff alleges that he received a magistrate judge's report and recommendation on October 31, 2005, which ordered him to answer within 10 days. Plaintiff hand delivered his pleadings on November 10, 2005, to the RUM. On November 19, 2005, this legal mail was returned to plaintiff by Dave Maleitzke. Plaintiff complains that his mail was not processed a timely manner. On November 21, 2005, Judge Quist dismissed plaintiff's petition for failing to respond to the report and recommendation.

Defendants move to dismiss this action for failure to show exhaustion of grievance remedies. Defendants base this motion on plaintiff's complaint. After the filing of defendants' motion for summary judgment, the United States Supreme Court issued its decision in *Jones v. Bock*, 127 S. Ct. 910 (2007). In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense,

and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." Moreover, the burden is on defendants to show that plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected the total exhaustion rule, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed. Accordingly, it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b) motion unless the plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim. The fact that plaintiff attaches grievances to his complaint that may not show exhaustion of every issue presented is of no consequence, because plaintiff has no duty to show exhaustion. The burden lies with the defendants to show that plaintiff failed to exhaust grievance remedies. It is each defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that plaintiff failed to exhaust his grievance remedies will not be sufficient. Accordingly, because defendants have not met their burden, it is recommended that defendants' motion to dismiss (Docket #10) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:   May 31, 2007