UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NICHOLAS PASQUALONE,

        Plaintiff,

                                            File No. 2:06-CV-172

v.

                                            HON. ROBERT HOLMES BELL

PAUL THOMASINI, et al.,

        Defendants.
                                      /

**ORDER AND JUDGMENT APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        On January 22, 2009, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation recommending that Defendants' motion for summary judgment be granted and that Plaintiff's prisoner civil rights action be dismissed in its entirety. (Dkt. No. 77.) Plaintiff filed objections to the report and recommendation on January 30, 2009. (Dkt. No. 78.)

        This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff was responsible for the delay in his legal mail being sent out. In support of this objection Plaintiff directs the

Court to his reply to Defendants' motion for summary judgment. (Dkt. No. 75, Pl.'s Resp. to Mot. for Summ. J.)  Plaintiff acknowledges in his reply that his envelope was sealed. (*Id.* at 5.) Because Plaintiff does not dispute the Magistrate Judge's finding that his envelope was sealed, or his finding that his sealed mail did not qualify as expedited legal mail, Plaintiff's objection to the conclusion that he caused the delay is without merit.

Plaintiff also objects to the Magistrate Judge's alternate conclusion that Defendant is entitled to judgment because Plaintiff suffered no actual injury.  Plaintiff asserts that he had a right to timely file his objections in his previous habeas action, and that because his objections were untimely, the court automatically adopted the R&R and denied his habeas petition without further review.  Even if Plaintiff is correct in his assertions, Plaintiff has failed to challenge the Magistrate Judge's finding that the matters contained in Plaintiff's objections had already been presented to the court and would not have altered the disposition of his habeas petition.

Finally, Plaintiff objects to the R&R based upon his assertion of a general right to conduct discovery prior to disposition of a motion for summary judgment.  Plaintiff cites *Ball v. Union Carbide Corp.*, 385 F.3d 713 (6th Cir. 2004), in support of this objection.  As noted in *Ball*, Rule 56(f) requires a party who asserts the need for discovery prior to disposition of a Rule 56 motion to "'indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Id.* at 720 (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir.

2000)). Plaintiff did not identify any facts that were essential to justify his opposition to the motion for summary judgment that could only be obtained through discovery. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 78) are **DENIED.**

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 77) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt No. 68) is **GRANTED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of Defendants and Plaintiff's complaint is **DISMISSED** in its entirety.

This case is **CONCLUDED**.


Dated: March 25, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE